**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 03-2018**

———————

ABREHET A. AMLESOM,

                                        Petitioner,

        versus

JOHN ASHCROFT, Attorney General,

                                        Respondent.

———————

On Petition for Review of an Order of the Board of Immigration
Appeals. (A79-343-081)

———————

Submitted: June 10, 2004          Decided: June 29, 2004

———————

Before WILLIAMS and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Petition denied by unpublished per curiam opinion.

———————

Aragaw Mehari, Washington, D.C., for Petitioner. Peter D. Keisler,
Assistant Attorney General, Christopher C. Fuller, Senior
Litigation Counsel, Lyle D. Jentzer, Office of Immigration
Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.,
for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Abrehet A. Amlesom, a female native and citizen of Eritrea, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's denial of her applications for asylum, withholding of removal, protection under the United Nations' Convention Against Torture, and voluntary departure. We deny the petition for review.

On appeal, Amlesom raises challenges to the immigration judge's determination that she failed to establish her eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). See also Blanco de Belbruno v. Ashcroft, 362 F.3d 272, 284 (4th Cir. 2004) (immigration judge's denial of asylum upheld "unless any reasonable adjudicator would be compelled to conclude to the contrary"). Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2000). We have reviewed the evidence of record and conclude that Amlesom fails to show that the evidence compels a contrary result. Accordingly, we cannot grant the relief Amlesom seeks.

- 2 -

Additionally, we uphold the immigration judge's denial of Amlesom's applications for withholding of removal and protection under the Convention Against Torture. To qualify for withholding of removal, an applicant must demonstrate "a clear probability of persecution." INS v. Cardoza-Fonseca, 480 U.S. 421, 430-31 (1987). To obtain relief under the Convention Against Torture, an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2003). Based on our review of the record, we find that Amlesom has failed to meet either one of these standards.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED